Estate of Mary A. Nieman, Deceased, Mary A. Nieman and John A. Nieman, Executors v. Commissioner.
Estate of Nieman v. Commissioner
Docket No. 60648.
United States Tax Court
T.C. Memo 1958-24; 1958 Tax Ct. Memo LEXIS 208; 17 T.C.M. (CCH) 105; T.C.M. (RIA) 58024; February 19, 1958
*208 George W. Byers, Esq., Carew Tower, Cincinnati, Ohio, for the petitioners. David M. Robinson, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined deficiencies in the petitioners' income tax and additions to the tax as follows: Sec. 291(a)
Sec. 294(d)
Year
Tax
Penalty
Addition
1948
$ 1,627.38
$ 406.84
$ 368.31
1949
438.13
109.53
97.86
1950
885.56
221.39
223.93
1951
12,808.20
3,202.04
3,080.71
1952
8,381.89
849.29
1953
1,279.32
The sole contested issue is whether the gain realized from the sale of real estate in the taxable years involved is taxable as ordinary income or as capital gains. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners are the executors of the Estate of Mary A. Nieman, deceased, who died on March 15, 1954, at the age of 87. Decedent, during the taxable years involved, resided at 7455 Winton Road, Cincinnati, Ohio. She filed delinquent tax returns for the calendar years 1946 to 1951, inclusive, on May 29, 1953. Amended returns were filed for such years on November 16, 1953, in order to report *209 amounts of interest which were omitted in the original returns. Timely returns were filed for the years 1952 and 1953. All of such returns were filed with the director of internal revenue at Cicinnati, Ohio. In October 1915, decedent purchased a farm with residence thereon consisting of approximately 86 1/2 acres situated a short distance back from Winton Road, Hamilton County, Ohio. On October 21, 1918, decedent added to the farm by the purchase of 67 1/2 acres on Winton Road making a total of 154 acres. Of the 67 1/2 acres, 28 acres lay on the West side and 39 1/2 acres lay on the East side of Winton Road. In October 1945 Lawrence T. Kroum, pastor of St. Vivian's Church, sought to purchase 4 acres, but the decedent refused to sell at that time. After further efforts by Kroum, decedent in May 1946, agreed to sell a tract of land to the church. On September 10, 1946, the taxpayer sold 4 acres of the 39 1/2 acre tract to the church for $12,000. In July 1946, the Finneytown Board of Education threatened to condemn a small part of the 39 1/2 acre tract, 150 X 225 feet on the East side of Winton Road, and upon such threat, the decedent sold this small tract to the Finneytown Board *210 of Education for $2,800. After this sale, decedent acting through her daughter, Mary Antoinette Nieman, employed a firm of surveyors to plat the 39 1/2 acre tract on the East side of Winton Road into a subdivision. The subdivision contained a large central parcel of 4 acres with frontage on Winton Road and 52 smaller lots along two streets known as "Finney Trail" and "Denier Place." The two streets were on each side of the central parcel and extended back from Winton Road. During the period 1918 to 1945, inclusive, the decedent neither purchased nor sold any real property. The 154 acres were used as a farm and later a small nursery business was started. Later a small amount of farming was done and more time was devoted to the nursery business. During the period from July 17, 1947 to December 31, 1952, decedent employed David Crawley, a general contractor, who improved the 39 1/2 acre tract by installing streets, sewage system, water mains, and gas and electric utilities. The cost of the improvements was financed from the proceeds of the sale of the lots. Except for the execution of a small "For Sale" sign which blew over after about a month and was not again put up, no advertising *211 was done, no brokers were employed, and no commissions were paid. No written contracts of sales were made and all matters in connection with the transfer were handled by the same attorney. Sometime within a year prior to 1946, decedent received an offer of $40,000 for the 39 1/2 acre tract, but did not accept the offer because she was not interested in selling at that time. Excluding the tract of land sold to the Finneytown Board of Education the taxpayer from 1946 to 1953, inclusive, sold 40 parcels of land for $188,177, which had a basis of $82,522.29. Petitioner had on hand at the end of 1953, 13 remaining lots. The total number of parcels sold, the sales price, and the development costs plus the original cost allocated to the 39 1/2 acres, are as follows: Number
Costs
of Lots or
of Develop-
Year
Parcels Sold
Sales
ment Only
1946
1 (sold to church)
$ 12,000
0
1947
2
8,000
$ 8,537.50
1948
5
19,000
19,088.95
1949
2
8,000
1,667.64
1950
3
12,900
893.00
1951
14
64,350
16,454.62
1952
9
44,000
48,913.77
1953
4
19,327
0
40
$188,177
$ 95,555.48
Original cost allocated to 39 1/2
acres
10,211.38
Total basis of entire 39 1/2 acres
$105,766.86
*212 The lots sold by decedent during the taxable years 1947 to 1953, inclusive, were held primarily for sale to customers in the ordinary course of decedent's trade or business. The real property was held for a period in excess of 6 months. Opinion LeMIRE, Judge: Petitioners contend that the lots were sold in liquidation of a capital asset and that the proceeds are taxable as long-term capital gain. The respondent determined that the lots were primarily held for sale to customers in the ordinary course of a trade or business, and hence, the proceeds are taxable as ordinary income. The facts are not in dispute. The parties are agreed that the question presented is factual. Subsequent to the filing of the briefs herein, this Court, in the case of Estate of Luke J. Barrios, Deceased, 29 T.C. - (Nov. 29, 1957), had before it facts and circumstances similar to those presented in the instant case. After an extensive review of many of the decisions involving a similar issue, we there concluded that the taxpayer was selling the lots in a trade or business and was not merely liquidating a capital asset. The material and controlling facts in the instant case are not clearly distinguishable *213 from those presented in the Barrios case, supra, and it is a controlling authority here. See also, , affirming a memorandum decision of this Court [; . We therefore hold that the lots sold by decedent, in the taxable years involved, were primarily held for sale to customers in the ordinary course of a trade or business. The respondent's determination that the gain realized from the sale of the lots was taxable as ordinary income is sustained. As petitioners do not contest the additions to the tax as determined by the respondent, they are approved. Decision will be entered under Rule 50.